ISAIAH, APPELLEE, *v.* THE GREAT ATLANTIC & PACIFIC TEA CO., APPELLANT.*

(No. 4896—Decided December 9, 1959.)

*Mr. Howard L. Calhoun,* for appellee.
*Messrs. Arter, Hadden, Wykoff & Van Duzer,* for appellant.

*Motion to certify the record overruled, September 21, 1960.

HUNSICKER, J. In this appeal on questions of law, the appellant, The Great Atlantic & Pacific Tea Company, herein called "company," seeks to have a judgment against it reversed because of the following claimed errors:

"1. The Court of Common Pleas erred in overruling the motions of defendant for a directed verdict and for judgment notwithstanding the verdict.

"2. The Court of Common Pleas erred in the general charge to the jury.

"3. The verdict and judgment are contrary to law and against the weight of the evidence."

John Isaiah entered a supermarket of the company, wearing an army-issue raincoat with large side pockets. As he passed along the aisles pushing a basket cart and selecting items from the shelves, he was seen by an off-duty police officer, who was that day working in the store as a watchman, keeping one hand in his pocket and, with the other, selecting items from the shelves. The officer said the appearance of the side pocket was "quite bulging."

The officer-employee called the attention of the assistant manager to the conduct of Isaiah. The officer-employee asked the assistant manager whether he "felt that he should take him [Isaiah] to the back, and question him." To which question the assistant manager replied, "Yes."

The officer-employee approached Isaiah after he had paid for his purchases at the cashier's station, and told him to come into a back room. The officer was in uniform and was carrying a pistol in a holster. Isaiah remonstrated, but the officer took Isaiah by the elbow and, as characterized by Isaiah, "jerked" him along toward a room in the rear of the store, where, in the presence of the assistant manager, he was told by the officer to remove his coat, and thereafter he was "patted down" and his pockets turned inside out. When it was discovered that he had no articles that were not his personal possessions, he was told that he could go along his way.

An action for false imprisonment was thereafter instituted by Isaiah against the company. The trial of this action resulted in a verdict against the company and a judgment thereafter rendered upon that verdict. It is that judgment that is lodged in this court for review.

We find no error in the refusal of the trial court to award a judgment for the company, and we do not find the judgment manifestly against the weight of the evidence. If any error was committed by the trial judge, it could relate only to the instructions concerning the burden of proof required in the application of Section 2935.041, Revised Code, to the facts of this case.

In September 1957, a few months before the matters about which complaint is herein made, a statute was enacted, entitled "Detention of Shoplifters," which reads as follows:

Section 2935.041, Revised Code. "A merchant, or a merchant's employee who has probable cause for believing that items offered for sale by a mercantile establishment have been unlawfully taken by a person, may, in order to cause an arrest to be made by a police officer until a warrant can be obtained, detain such person in a reasonable manner for a reasonable length of time within the said mercantile establishment or the immediate vicinity thereof. In the event such person detained is a minor, said detention may be made in order to recover such items without undue restraint or to cause such an arrest or for the purpose of communicating with the parents or guardian of the said minor.

"Such detention, however, shall not be lawful unless the person to be detained has left the confines of the establishment but is within the immediate vicinity thereof; or, where the establishment is of the self service type, the person to be detained has passed the cashier's counter.

"Any police officer may, within a reasonable time after such alleged unlawful taking has been committed, arrest without a warrant, any person he has probable cause for believing has committed such unlawful taking in a mercantile establishment."

The trial judge, in his instructions to the jury concerning the application and effect of this statute, said:

"The defendant's said employees, under this statute, were authorized to detain the plaintiff in a reasonable manner for a reasonable length of time within such store building for the purpose of causing his arrest under a warrant as stated, providing the plaintiff had passed the cashier's counter, and they had probable cause for believing that goods offered for sale in the store had been taken by the plaintiff and concealed in his clothing, for the purpose of stealing such goods."

And on the subject of burden of proof under this statute, the trial judge said:

"Now, in respect to the second issue; namely, in the event you do find that the plaintiff was falsely imprisoned as claimed, then was such imprisonment justified and excused within law, as the defendant claims?

"With respect to that issue, the law places the burden of proof upon the defendant, who asserts it, and by that degree of proof, likewise, known by the greater weight of all the evidence. That is, in order for the defendant to prevail as to that issue, you must find it in its favor, as it claims, established from all the evidence as it claims by the greater weight of that evidence."

And, again, the trial judge said:

"Well, in the first place, if the plaintiff does not prove, and you do not find by the greater weight of all the evidence that the plaintiff was falsely imprisoned as he claimed, then your verdict must be in favor of the defendant, and in the second place, even though the plaintiff was falsely imprisoned as he claims, yet the defendant company does prove, and you do find by the greater weight of all the evidence, that such conduct of its employees, Kelly and Pulley, were such as to constitute a justification and excuse pursuant to that statute that I just called your attention to for what they did, then in that situation, also, your verdict should be in favor of the defendant."

The trial judge thus placed upon the company the burden of establishing the "probable cause" set out in Section 2935.041, Revised Code. It is this claim of error to which we direct our attention.

Under the facts of this case, a jury would be justified in concluding that a prima facie case of false imprisonment was established when the officer-employee, at the direction of the assistant manager, took Isaiah by the elbow and required him to go to the room in the rear of the store. Here we have a situation where Isaiah, either through fear or by force, was compelled to submit to the will of the employees of the company.

In the case of *Reinhard* v. *City*, 49 Ohio St., 257, 31 N. E., 35, a civil action to recover money alleged to have been unlawfully deposited as bail, the court said, at page 266, concerning the burden of proof, in actions for false imprisonment and false arrest, as follows:

"* * * Where no affidavit charging the commission of an offense is filed with the magistrate, and no warrant or process is issued for the apprehension of the person charged, it will not be presumed, that an officer making an arrest acted under circumstances precluding the necessity of an affidavit and warrant. And in an action by the party arrested, in which the legality of such arrest is deemed a material issue in the case, it will not be incumbent upon him to establish that the officer was not, under the circumstances, authorized to arrest without warrant, but it will rather devolve upon those defending the officer to show, that such a state of facts existed as justified the officer in making the arrest without the previous issue of a warrant, and that he did not detain the arrested party an unreasonable length of time before obtaining a legal warrant."

The rule there established was approved in the case of *Johnson* v. *Reddy,* 163 Ohio St., 347, 126 N. E. (2d), 911, where, at page 353, the court said:

"Although it has not often been the subject of judicial interpretation, it does seem to be settled that if one seeks to escape liability for either false arrest or false imprisonment he has the burden of proving the justification for his actions. See *Reinhard* v. *City,* 49 Ohio St., 257, 31 N. E., 35; 18 Ohio Jurisprudence, 1023, Section 42; 10 Ruling Case Law, 901, paragraph 52." See also: *Tracy* v. *Coffey,* 8 C. C. (N. S.), 88, at page 92, 18 C. D., 579.

The rule followed in Ohio appears to be of almost universal application and is found in many cases, including: *Mc-Aleer* v. *Good,* 216 Pa., 473, 65 A., 943; *Muniz* v. *Mehlman,* 327 Mass., 353, 99 N. E. (2d), 37; *Bonnau, an Infant,* v. *State,* 303 N. Y., 721, 103 N. E. (2d), 340; *Raymond* v. *Corrigan,* 37 S. D., 609, 159 N. W., 131; *Fox* v. *McCurnin,* 205 Iowa, 752, 218 N. W., 499; *Donovan* v. *Guy,* 347 Mich., 457, 80 N. W. (2d), 190; *Smith* v. *Clark,* 37 Utah, 116, at page 127, 106 P., 653, at page 658; *S. H. Kress & Co.* v. *Bradshaw,* 186 Okla., 588, at page 594, 99 P. (2d), 508, at page 514; *Alsup* v. *Skaggs Drug Center,* 203 Okla., 525, 223 P. (2d), 530; *Hughes* v. *Oreb,* 36 Cal. (2d), 854, 228 P. (2d), 550; *Sharpe* v. *Lowe,* 214 Ga., 513, 106 S. E. (2d), 28.

We do not believe that the newly enacted statute, Section 2935.041, Revised Code, changes the rule above set out in the

case now under review, for the statute specifically requires that only an employee who has probable cause for believing that items offered for sale have been unlawfully taken shall be justified in detaining the suspect until a warrant can be obtained.

In the case of *Greaves* v. *Kansas City Junior Orpheum*, 229 Mo. App., 663, 80 S. W. (2d), 228, a statute with an analogous provision was construed by the Kansas City, Missouri, Court of Appeals to require the defendant, in an action for false imprisonment, if he wished to avail himself of the protection afforded him by such statute, to establish such facts in order to be relieved from liability in an action for false imprisonment.

We therefore determine herein that, in this action for false imprisonment, where the plaintiff shows that he has been restrained of his liberty by the employee of a mercantile establishment, and the defendant seeks to justify its conduct by reason of the terms of Section 2935.041, Revised Code, it is incumbent upon the one claiming justification for the detention of the plaintiff to show probable cause for believing that items offered for sale by the mercantile establishment have been unlawfully taken by the plaintiff.

The instruction of the trial judge, which placed the burden of showing probable cause for detaining the plaintiff upon the appellant, was not, under the circumstances herein, prejudicially erroneous.

We have examined all other claimed errors and find none prejudicial to the substantial rights of the appellant. The judgment of the trial court must therefore be affirmed.

*Judgment affirmed.*

Doyle, P. J., and Stevens, J., concur.