WHITLER, Appellant,

v.

McFAUL, Cty. Sheriff, Appellees.

[Cite as *Whitler v. McFaul* (1997), 123 Ohio App.3d 199.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71614.

Decided Oct. 27, 1997.

*Reno J. Oradini, Jr.,* for appellant.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Jeffrey I. Sherwin,* Assistant Prosecuting Attorney, for appellees.

---

TIMOTHY E. McMONAGLE, Judge.

Plaintiff-appellant, William C. Whitler ("appellant"), appeals from the judgment of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of defendants-appellees, Gerald T. McFaul, Cuyahoga County Sheriff; Cuyahoga County; John Doe I, Correction Officer; John Doe II, Deputy Sheriff; and John Doe III (collectively, "appellees"), and advances two assignments of error for our review. For the reasons set forth below, we affirm in part and reverse in part the judgment of the trial court and remand for further proceedings.

I

The record reveals that appellant was arrested in Lakewood, Ohio, on July 1, 1992, for a probation violation. The following day, a probation violation hearing was held in Lakewood Municipal Court. At that hearing, the Lakewood court set a date for appellant's return, placed no "holder" on him, and expected him to appear on his own recognizance. The same day, while appellant was still in Lakewood's custody, the Cuyahoga County Sheriff's Department took him into custody on the basis of a capias issued for a probation violation in Cuyahoga County Common Pleas Court and booked him into the Cuyahoga County Jail. On July 15, appellant's probation violation hearing was held in Cuyahoga County Common Pleas Court, at which both his probation and sentence were terminated. Further, the trial court stated that appellant was to be "remanded to Cuyahoga County Jail for Lakewood authorities." Appellant was held at the Cuyahoga County Jail from July 15, 1992 through August 12, 1992, twenty-nine days.

Appellant timely commenced his civil action against appellees, claiming to have been improperly held in jail for twenty-nine days and deprived of his freedom and liberty without cause or justification and asserting claims of intentional false imprisonment, negligent false imprisonment and violations of Section 1983, Title 42, U.S.Code. However, on January 18, 1995, appellant voluntarily dismissed his action pursuant to Civ.R. 41(A)(1)(a) and subsequently refiled the matter on January 16, 1996. On May 30, 1996, appellees moved for summary judgment on all counts of the complaint. On July 3, 1996, appellant moved the court for additional discovery time before responding to appellees' motion; however, on July 29, 1996, the trial court granted judgment in favor of appellees on appellant's

negligence claim against appellees and ordered appellant to produce evidence "in affidavit form or other testimonial evidence establishing that any misconduct on the part of the Sheriff or his employees was intentional and/or malicious and/or such as to constitute a violation under Title 42 USC 1983." The trial court, in its opinion, stated that unless appellant could "establish evidence overcoming the Sheriff's presumption of regularity and obedience to court order, by August 30, 1996, the case [would] be dismissed with prejudice." On August 30, appellant did, in fact, file a response to appellees' motion with proper supporting affidavits. A hearing on appellees' motion was held October 22, 1996, wherein the trial court determined that a "presumption of regularity" existed as to the actions of the Sheriff and that the affidavits submitted by appellant "fail[ed] to resolve the problem as outlined in [its] formal opinion." The trial court dismissed the remaining counts with prejudice on October 28, 1996. Appellant timely appealed. We will consider appellant's interrelated assignments of error together.

## II

### ASSIGNMENT OF ERROR NO. I

"The trial court erred when it granted defendant–appellees' motion for summary judgment which was not supported with documentary evidence and when the trial court applied the wrong standard."

### ASSIGNMENT OF ERROR NO. II

"The trial court abused its discretion when it granted defendant–appellees' motion for summary judgment."

Appellant, in his assigned errors, contends that the trial court abused its discretion and improperly granted summary judgment in favor of appellees where appellees failed to support their motion with documentary evidence as specified in Civ.R. 56(C). Further, appellant contends that the trial court applied the improper standard of review. Specifically, appellant asserts that appellees presented only conclusory statements in their motion and that they are not entitled to judgment as a matter of law. Moreover, appellant contends that the trial court abused its discretion when it failed to grant his motion for additional time in which he could conduct discovery on the basis that he had previously filed and dismissed his complaint and when it found that "the practice of dismissing a complaint under Rule 41(A)(1)(a) in the face of pending motion practice is not without its perils" and summarily dismissed the negligence claim of his complaint.

This court reviews the lower court's grant of summary judgment *de novo*. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157 ("We will review the judgment independently and without deference to

the trial court's determination."). An appellate court applies the same test as a trial court, which test is set forth in Civ.R. 56(C). Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Moreover, it is well settled that a party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265, 278; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 139–141.

With these standards in mind, we review the matter before us.

### A

First, appellant contends that the trial court erred when it granted summary judgment in favor of appellees as to appellant's claim for negligence against them. We do not agree.

Immunity for political subdivisions is set forth in R.C. Chapter 2744. R.C. 2744.02(A)(1) states as follows:

"For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or employee of the political subdivision in connection with a governmental or proprietary function."

A political subdivision includes counties, R.C. 2744.01(F); consequently, Cuyahoga County is a political subdivision for the purposes of R.C. Chapter 2744.

Division (B) of R.C. 2744.02 sets forth the exceptions for which a political subdivision may be liable for the negligent acts of its employees or agents. Subsections (1)–(5) indicate that liability may be imposed for negligent operation of vehicles, subject to defenses as enumerated; negligent acts with respect to

"proprietary" functions; failure to keep public roads in repair and free of nuisance; negligence in the maintenance of public buildings, except jails and workhouses; and when liability is expressly imposed by statute.

Although appellees rely on *Goad v. Cuyahoga Cty. Bd. of Commrs.* (1992), 79 Ohio App.3d 521, 607 N.E.2d 878, and *Cotton v. McFaul* (Apr. 8, 1993), Cuyahoga App. No. 64323, unreported, 1993 WL 107829, to support their claim for the immunity provided in R.C. 2744.02(B)(4), we find reliance on these cases and this subsection of the statute to be misplaced as not relating to the type of damage complained of by appellant. R.C. 2744.02(B)(4) states:

"[P]olitical subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of * * * buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses or any other detention facility, as defined in section 2921.01 of the Revised Code."

We see the work of maintaining prisoners in the justice system as distinguishable from the functions as described in (B)(4) and the supporting case law; therefore, the only other exception found in R.C. 2744.02(B) that could arguably waive immunity for the actions of the appellees here would be if the actions undertaken are considered "proprietary," as provided for in exception (B)(2).

In order for liability to attach to a political subdivision under R.C. 2744.02(B)(2), the negligent act must be characterized as "proprietary." *Blankenship v. Enright* (1990), 67 Ohio App.3d 303, 310, 586 N.E.2d 1176, 1180. Consequently, pursuant to R.C. 2744.02, a political subdivision and its employees (when acting within the scope of their employment) are immune from liability for the negligent performance of a purely governmental function. *Wallin v. Cincinnati Eye Bank* (S.D.Ohio 1990), 733 F.Supp. 1152. In *Blankenship, supra,* the court analyzed the actions of a clerk of the common pleas court in recording a capias and docketing it and classified such actions as "governmental" and not a "proprietary act" for which the county could be held liable. We find the analysis of the *Blankenship* court to be instructive as to whether appellant may maintain a negligence claim against these political appellees.

The threshold question in the determination of whether the protection of immunity under R.C. 2744.02(B)(2) applies to appellees turns on whether these appellees were performing a "governmental" or "proprietary" function when they detained appellant. Subsection (G)(2) lists the examples of proprietary functions for which a negligence action may be maintained. In *Twine v. Franklin Cty. Sheriff's Dept.* (1990), 68 Ohio App.3d 51, 587 N.E.2d 411, the court analyzed a

situation similar to the matter *sub judice* and found that the "operation of a county sheriff's office and the service of orders of detention are markedly different from the functions listed" in subsection (G)(2), finding that "the service and execution of the temporary order of detention by defendant Franklin County Sheriff's Department is not a function 'customarily engaged in by non-governmental persons,' it is not a proprietary function under that definition. Rather, under R.C. 2744.01(C)(1)(a), the function performed by defendants is governmental." *Id.* at 55, 587 N.E.2d at 414. Similarly, in the matter before us, the act complained of here, detention in the county jail by the County Sheriff's Department, cannot be seen as being classified as a proprietary act under R.C. 2744.01(G); therefore, there can be no liability imposed pursuant to R.C. 2744.02(B)(2).

Consequently, a careful reading of the statute indicates to us that none of the exceptions listed in section (B) applies to the detention of inmates at the county jail and, therefore, the county and its employees are immune from liability for negligence when performing this "governmental" function.

Appellant, as a matter of law, does not have a claim for relief against the appellees for their negligence in performing a governmental function, the detention of a prisoner in a county jail. We, therefore, find that even accepting all the allegations in the complaint as true, where these appellees were immune from appellant's claim for negligent detention, appellant could prove no set of facts entitling him to recovery. Accordingly, the trial court properly dismissed appellant's claim for negligence. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981.

■ As the court's dismissal of appellant's negligence claim was based on a conclusion of law rather than on findings of fact, we find that the trial court did not err in its denial of additional time to conduct discovery on appellant's negligence claim.

### B

Next, appellant contends that the trial court erred in granting summary judgment in favor of appellees on his claim of intentional false imprisonment against them where appellees' motion was not supported by competent evidentiary materials to rebut appellant's allegations.

■ In an action for false imprisonment, the plaintiff need only demonstrate that he was deprived of his liberty. *Uebelacker v. Cincom Sys., Inc.* (1988), 48 Ohio App.3d 268, 549 N.E.2d 1210. A presumption then arises that the restraint was unlawful. *Isaiah v. Great Atlantic & Pacific Tea Co.* (1959), 111 Ohio App. 537, 15 O.O.2d 291, 174 N.E.2d 128. Consequently, it is incumbent upon

appellees to show legal justification for depriving appellant of his liberty for twenty-nine days.

Appellees, in their motion, asserted that they have "qualified immunity" from the claims against them based upon the objective legal reasonableness of following the order of the court, a copy of which they attached to their motion. We do not agree.

Initially, we note the absence of affidavit or certification of the attached order for purposes of supporting the appellees' position. The uncertified document has no evidentiary value. Civ.R. 56(C). Further, even if the court were to accept as true appellees' claimed defense that appellant was confined pursuant to a lawful order of the court, where both appellant and his Lakewood probation officer have offered as documentary evidence, pursuant to Civ.R. 56(E), affidavits stating that they notified the appellees that the "privilege" initially justifying appellant's confinement no longer existed, a question of fact then arises as to whether the continuation of confinement under these circumstances rises to the level of "intentional conduct" for which appellees would be liable. *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 573 N.E.2d 633. The Supreme Court in *Bennett* found that "[i]n the absence of an intervening justification, a person may be found liable for the tort of false imprisonment if he or she intentionally continues to confine another despite knowledge that the privilege initially justifying that confinement no longer exists." *Id.* at paragraph one of the syllabus.

Consequently, the determination of whether the Sheriff's Department intentionally confined appellant is under these circumstances a question of fact that cannot be decided summarily. In this case, the state presented no evidence to support its justification for holding the appellant in jail for twenty-nine days but asked the court to summarily dismiss appellant's claim. Appellant responded to appellees' motion with the supporting affidavits indicating that the appellees had knowledge that the privilege initially justifying the confinement no longer existed. When we view the evidence most strongly in favor of the appellant and resolve all doubts in his favor, as we must do, we believe that a reasonable mind could conclude that a genuine issue of fact remains for trial. The question remains whether appellees' failure to investigate the complaints of appellant that he was being illegally detained may be considered to be unreasonable and, as such, whether the actions of the Sheriff's Department could be construed to have risen to the level of intentional conduct for which appellees could be liable. Accordingly, we find that the trial court erred when it granted appellees' motion for summary judgment on appellant's claim for intentional false imprisonment against them where factual questions remain.

## C

Finally, appellant contends that the trial court erred when it granted summary judgment in favor of appellees on his claim against them pursuant to Section 1983, Title 42, U.S.Code.

Appellees moved for summary judgment on appellant's claim asserting that appellant's failure to initially file a writ of habeas corpus was fatal to his maintaining a Section 1983 claim. In support of their position, appellees relied on *Hadley v. Werner* (C.A.5, 1985), 753 F.2d 514. We find appellees' reliance on the decision in *Hadley* for this proposition to be misplaced and not dispositive of the issue before us.

Hadley brought his Section 1983 claim for damages while he was incarcerated, claiming ineffective assistance of counsel due to the poor performance of his court-appointed counsel. Hadley contended that the inadequate fee schedules for court-appointed defense counsel attract only the least experienced and the least capable attorneys. The Sixth Circuit court determined that the appropriate vehicle for raising that allegation was a habeas corpus proceeding and not a civil-rights complaint. Moreover, the court further opined that Hadley could refile his Section 1983 claim if he established through his petition for writ of habeas corpus that he was denied effective assistance of counsel. We find *Hadley* to have nothing in common with the matter *sub judice* and find that on the basis of *Hadley,* appellees are not entitled to judgment as a matter of law.

We have found no case law, nor have appellees cited any, that requires a plaintiff in a civil action for damages pursuant to Section 1983, Title 42, U.S.Code, to have sought relief through a writ of habeas corpus before such an action may be brought.

In addition, appellees claim the protection of "qualified immunity" for their actions. Generally, the determination of whether appellees are protected by the doctrine of qualified immunity for their actions turns on the objective legal reasonableness of the action and is, therefore, a question of fact. Accordingly, the trial court erred in granting summary judgment in favor of appellees on appellant's claim pursuant to Section 1983, Title 42, U.S.Code, where no bar to the action exists and questions of fact remain.

## III

In conclusion, we find that the trial court properly dismissed appellant's negligence claims against all appellees as they are immune from actions sounding in negligence for their performance of a "governmental function," the operation of the county jail pursuant to R.C. Chapter 2744. However, we find that the trial court erred when it summarily granted judgment to appellees on appellant's

claims for intentional false imprisonment and the deprivation of his constitutional rights in violation of Section 1983, Title 42, U.S. Code, where questions of fact remain. We reverse the judgment of the trial court on these claims and remand the matter for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JAMES D. SWEENEY, C.J., and DYKE, J., concur.