OPINION
Plaintiffs-appellants, John Coleman and Addie Coleman, individually and as parents and natural guardians of Johnny Coleman, III ("Johnny"), a minor, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees Jennifer White ("defendant") and Kindercare Learning Center, Inc. ("Kindercare").
On April 14, 1997, Addie Coleman brought her son, Johnny, then almost five years old, to Kindercare, a licensed daycare facility operating in Columbus, Ohio. Defendant was employed by Kindercare at that time as a daycare teacher. Johnny was crying and visibly upset because he did not want to be left at Kindercare. When Addie Coleman left, defendant and Kindercare's director, Angie Goldberg, led Johnny, still visibly upset and mad that his mother had left, into the main room where the children stayed.
After getting Johnny into the main room, defendant told him that he needed to get onto a cot because it was naptime and all the other children were napping. Johnny resisted, so defendant tried to get him to lie down. Defendant, six months pregnant at the time, said that Johnny was kicking and screaming while she attempted to get him to lie down on the cot; she was afraid Johnny would hurt her. One of the other teachers at Kindercare, Mattie Culbreath, came over and told defendant to get away from him so that she would not get hurt. At the time, Johnny, still upset, was screaming and crying that he wanted to leave Kindercare. Culbreath was able to calm Johnny, and the rest of the day passed without incident.
Another daycare teacher in the room, Tara Crossland, who witnessed the events, stated in her affidavit that when defendant approached Johnny, he was out of control and began to kick and hit defendant. Crossland said that she saw defendant place one hand on Johnny's legs and her other hand on his hands to prevent Johnny from hitting her. She never heard defendant threaten Johnny.
By contrast, Culbreath in her deposition stated she witnessed defendant place one hand on Johnny's stomach and her other hand around the neck area near his collarbone. While she said defendant never choked Johnny, she heard defendant threaten Johnny, saying, "If you hit me or kick me, I'm going to kill you." (Deposition 9.) At that time Culbreath asked defendant to leave so that she would not get hurt. Defendant denied choking or ever threatening Johnny.
As a result of the events that day, plaintiffs filed a complaint against defendant and Kindercare, alleging defendant had assaulted Johnny and negligently cared for him. Plaintiffs also claimed Kindercare was negligent in hiring, retaining or supervising defendant. Both defendants moved for summary judgment on plaintiffs' claims, and the trial court granted both motions.
Plaintiffs now appeal, assigning the following errors:
 I. THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT-APPELLEE WHITE'S MOTION FOR SUMMARY JUDGMENT WITH REGARD TO THE ACTIONS WITH REGARD TO ASSAULT AND NEGLIGENCE SINCE ISSUES OF MATERIAL FACT REMAIN.
 II. THE TRIAL COURT ERRED WITH REGARD TO DEFENDANT-APPELLEE KINDERCARE'S MOTION FOR SUMMARY JUDGMENT BECAUSE DISPUTED ISSUES OF MATERIAL FACT REMAIN.
Subsequent to filing their notice of appeal, plaintiffs voluntarily dismissed their appeal as to Kindercare. Plaintiffs' second assignment of error thus is moot. App.R. 12(A). In their first assignment of error, plaintiffs contend that the trial court erred in granting summary judgment on their claims of assault and negligence against defendant.
In accordance with Civ.R. 56, the evidence must be construed most strongly in favor of the nonmoving party; summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the non-moving party. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 296. If the moving party makes that showing, the non-moving party then must produce evidence on any issue for which the party bears the burden of production at trial.Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus (Celotex v. Catrett [1986],477 U.S. 317, approved and followed).
The tort of assault is defined as the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact. The threat or attempt must be coupled with a definitive act by one who has the apparent ability to do the harm or to commit the offensive touching. An essential element of the tort is that the actor knew with substantial certainty that his or her act would bring about harmful or offensive contact. Smith v. John Deere Co. (1993),83 Ohio App.3d 398, 406.
The trial court found no evidence demonstrating defendant violently choked Johnny, as plaintiffs alleged in their complaint. In support of its conclusion, the trial court noted that four other daycare providers that were in the room at the time of the alleged incident said they did not see defendant choke Johnny. Moreover, while defendant admits that she restrained Johnny, the court found no evidence she applied any pressure to Johnny's throat or rendered him unable to breathe at any time. Thus, even if defendant threatened Johnny by telling him she would kill him if he hit her, the trial court concluded defendant's threat was not coupled with a definitive act by one with the ability to do the harm. Combined with no evidence that Johnny reasonably feared for his life or that defendant intended to harm Johnny, the trial court determined defendant simply was attempting to restrain an unruly child.
Although defendant swore in her affidavit that she never choked or threatened to kill Johnny, a contention corroborated by other witnesses, plaintiffs argue that Culbreath's deposition testimony creates a genuine issue of material fact about whether defendant committed an assault. Culbreath testified defendant threatened Johnny while pressing him down with one hand near his throat. Culbreath acknowledged, however, that she never witnessed defendant choke Johnny.
Given the foregoing, a genuine issue of material fact exists as to whether defendant threatened Johnny: Culbreath stated defendant did, while defendant and others stated defendant did not. If that evidence is construed in plaintiffs' favor, the questions remaining to be resolved are whether (1) the threat could have reasonably placed Johnny in fear, (2) some definitive act coincided with the threat, and (3) defendant knew with substantial certainty that her act would bring about harmful or offensive contact. John Deere, Co., supra; Wheeler v. Hagood
(Sept. 11, 1995), Warren App. No. CA95-03-025, unreported;Phillips v. Rayburn (1996), 113 Ohio App.3d 374, 383.
According to Culbreath's testimony, defendant placed her hand on Johnny's chest near his collarbone when she uttered the threat. While Crossland stated defendant did not place her hand near Johnny's neck, but rather placed her hands on Johnny's legs and arms, a genuine issue of fact remains as to where defendant touched Johnny, and thus if the touching could constitute a definitive act for purposes of an assault. While the trial court noted plaintiffs had not proven that defendant violently choked Johnny, plaintiffs did not need to prove violent choking: an assault does not require violent choking, but only requires that some definitive act accompany the threat. Plaintiffs demonstrated a genuine issue of material fact as to whether defendant took such a definitive act.
Culbreath also stated in her deposition that when she came to defendant's assistance, Johnny was scared, that he looked "like he is just frightened, somebody had just frightened him." (Deposition 62.) Culbreath thought he was frightened because of being held down by defendant. Id. Culbreath's testimony creates a genuine issue about whether Johnny reasonably was placed in fear from defendant's action. Reasonableness is generally a question of fact to be resolved by the trier of fact. Cf. Whitler v. McFaul
(1997), 123 Ohio App.3d 199, 207 ("[g]enerally, the determination of whether appellees are protected by the doctrine of qualified immunity for their actions turns on the objective legal reasonableness of the action and is, therefore, a question of fact."); Belcher v. Wess (Sept. 30, 1996), Franklin App. No. 96AP-400, unreported (1996 Opinions 3958) (noting that the reasonableness of the rate of speed a car was driven was a question of fact to be determined by the jury); Harding Hospitalv. Sampson (Jan. 7, 1993), Franklin App. No. 92AP-500, unreported (1993 Opinions 1) (finding that the reasonableness of appellants' reliance on representations in an estoppel defense centered on questions of fact). As a result, whether the alleged threat and contact considered together could have reasonably placed Johnny in fear is a question of fact not properly resolved on summary judgment. Schweller v. Schweller (Dec. 26, 1997), Hamilton App. No. C-970183, unreported.
Moreover, given that questions exist concerning where defendant touched Johnny and whether defendant threatened Johnny, similar questions also arise concerning defendant's intent. Defendant's alleged threat of bodily harm, coupled with defendant's touching Johnny near his throat, are circumstances tending to show defendant's intent and they create a genuine issue of material fact on that issue. See Underwood v. Myers (Sept. 4, 1998), Seneca App. No. 13-98-18, unreported. In that case, Myers held a pair of scissors to Underwood's chest and allegedly made a threatening statement. While Myers characterized her act as a joke, Underwood thought that it was a threat to her life. In that case, the court of appeals found that "[u]nder the circumstances, we believe it is for the trier of fact to decide what was in Myers' mind at the time of the incident." Id. The court concluded that the circumstances created a genuine issue of fact concerning Myers' intent and whether she knew with substantial certainty that the act would bring harm to Underwood.
Similarly, if we accept as true Culbreath's deposition statements, the touching that she noted, coupled with the alleged threat that defendant uttered to Johnny, create, as in Myers, a question of defendant's intent that properly is resolved by the trier of fact. Id. Accordingly, the trial court erred in granting defendant's motion for summary judgment on plaintiffs' assault claim. See Stokes v. Meimaris (1996), 111 Ohio App.3d 176
(concluding that in awards based on assault and battery, damages are presumed).
The trial court also granted defendant's motion for summary judgment on plaintiffs' negligence claim. The elements necessary to establish actionable negligence consist of the existence of a duty, a breach of that duty and an injury proximately resulting from the breach. Evans v. Ohio StateUniversity (1996), 112 Ohio App.3d 724, 738, citing Menifee v.Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77. The trial court found that no evidence was presented to demonstrate defendant breached any duty of care in restraining Johnny. The trial court similarly found no evidence of any injury proximately caused by defendant's actions, noting plaintiffs did not present any evidence in opposition to defendant's motion for summary judgment on the negligence claim.
The trial court did not err in granting summary judgment in favor of defendant to plaintiffs' negligence claim. An essential element of negligence is an injury. Plaintiffs failed to present any evidence to demonstrate a genuine issue of material fact on that issue, as plaintiffs filed no affidavits demonstrating any injury caused by this incident. Nor did plaintiffs submit any doctor's records or bills to show in support of the claimed psychological injury.
Accordingly, because plaintiffs failed to present any evidence to demonstrate a genuine issue of material fact regarding the injury proximately caused by this incident, the trial court properly granted defendant's motion for summary judgment on plaintiffs' negligence claim. Gubanc v. Warren (Dec. 16, 1998), Summit App. No. 18810, unreported. Plaintiffs' first assignment of error thus is overruled in part and sustained in part.
Having overruled plaintiffs' first assignment of error in part and sustaining it in part, and rendering their second assignment of error moot, we affirm in part and reverse in part the judgment of the trial court and remand this matter to the trial court for further proceedings in accordance with this opinion.
Judgment affirmed in part and reversed in part; case remanded.
BROWN and DESHLER, JJ., concur.