WILLIAMS, Appellant,

v.

FRANKLIN COUNTY, OHIO SHERIFF'S DEPARTMENT et al., Appellees.

[Cite as *Williams v. Franklin Cty., Ohio Sheriff's Dept.* (1992), 84 Ohio App.3d 826.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1029.

Decided Dec. 31, 1992.

*Bradley, Topper & Farris Co., L.P.A.,* and *Richard D. Topper,* for appellant.

*Michael Miller,* Franklin County Prosecuting Attorney, *Joseph R. Durham* and *Carol Hamilton O'Brien,* Assistant Prosecuting Attorneys, for appellees.

McCORMAC, Judge.

Teresa G. Williams, plaintiff-appellant, commenced an action against the Franklin County Sheriff's Department and three of its deputies, defendants-appellees, alleging that she received injuries as the result of the use of excessive force by defendants during the course of an arrest. Defendants moved for summary judgment after considering the pleadings, depositions, affidavits and exhibits presented to the court in relation to the motion. The court granted summary judgment to defendants.

Plaintiff appeals, asserting the following assignments of error:

"1. The Court erred in granting summary judgment in favor of Defendants Pulley, Bedard, and Brown in that a question of fact existed as to whether those Defendants used excessive force in the arrest of Teresa Williams.

"2. The Trial Court erred in granting Summary Judgment in favor of the Defendant Franklin County Sheriff's Department in that there exists questions of fact as to whether the Department adequately instructed officers in the use of stun guns and whether it was deliberately indifferent to constitutional rights of arrestees.

"3. The Court below erred in finding that Plaintiff failed to state a cause of action against [the] Franklin County Sheriff's Department for intentional infliction of emotional distress because Defendant has failed to establish any of the defenses set forth in R.C. 2744.02 or 2744.03."

In deciding a summary judgment motion, the evidence must be construed most strongly in favor of the party against whom the motion for summary judgment is made. Civ.R. 56(C). Therefore, the evidence, as elicited from depositions and affidavits, will be stated in this opinion in that respect, since it does not matter that the parties seeking summary judgment present different facts; the role of the court in summary judgment is not to determine disputed facts.

Plaintiff testified by deposition and affidavit that, on Sunday, May 7, 1989, the day when these events occurred, she went to church at 11:00 a.m., with her two children, who were then ages nine and eleven. Plaintiff is a thirty-five-year-old Caucasian woman, allegedly weighing about one hundred forty pounds. Plaintiff left home at about 4:30 p.m. to work as a telephone operator at J.C. Penney's establishment near I–270 and I–70. She arrived at work at the usual time, having left her children with her mother. She denied consuming any alcohol or drugs. She stated that she worked until about 8:15 p.m., when she called her children. Her eleven-year-old son told her that somebody was trying to break into the apartment and that he had placed a chair under the door knob. She

immediately clocked out to go home. On I–270, on her way home, a sheriff's deputy clocked her speeding. Plaintiff contends that she was going about seventy miles per hour (sheriff's deputies contend that the speed was higher). In any event, after some maneuvering, she exited the freeway. There was a line of traffic and she pulled off, at which time the deputies approached. At that time, it was daylight and sunny. Plaintiff stated that the door was broken on the driver's side and that she slid over to the other side to push the door open and that an officer immediately grabbed her arm and swung her around. She said that he was hurting her and she wrenched her arm free. At that time, she said that two officers pushed her face down into the dirt. There were then several cars or cruisers there. She said that she broke free and that she was swung around and landed on her face and officers were all over her. She claims that her left arm was broken. She said that she was handcuffed and then heard somebody say, "Mace her good." She said that she was cussed out and called filthy names. She was also struck with one or more blasts of a stun gun. She was taken to Doctors Hospital for emergency treatment. She told the officers about the problem at home and Columbus police officers were sent to check out the situation.

Officer Bedard, one of the sheriff deputies, stated that six officers were holding plaintiff down on the grass but, when he arrived with his stun gun, she was still resisting and that he decided to use the stun gun, which he used one or two times. Officer Brown of the sheriff's department denied that a stun gun was used. Officer Pulley stated that the officers had plaintiff under control at that time and that he did not feel that a stun gun was needed.

The trial court granted summary judgment on the basis that plaintiff was resisting arrest and the officers simply followed standard procedure.

 The trial court's finding ignores a great deal of plaintiff's testimony, as well as perhaps the physical facts. Plaintiff denied resisting arrest, other than to attempt to release herself when she was being hurt. By *all* accounts, six officers, some of whom weighed over two hundred pounds, were attempting to restrain the female plaintiff, who allegedly weighed about one hundred forty pounds. At the time the stun gun was used, her arm had apparently been either broken or severely strained and she had been maced. Officer Pulley stated that he did not believe that it was necessary to use the stun gun. Not only was the stun gun used once, it was used twice. Clearly, construing the facts most favorable to the nonmoving party, as is required by Civ.R. 56(C), there was a genuine issue of fact about whether the defendants used excessive force. If one is to believe the testimony of plaintiff, the "acceptable standard procedure" went far beyond the force that would normally have been necessary for an arrest of plaintiff. There was no evidence whatsoever that plaintiff possessed any weapon or even attempted to use force, other than with her hands or arms. Some of the force (the stun

gun) was used at a time when plaintiff was being restrained by six police officers. In *Graham v. Connors* (1989), 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443, the United States Supreme Court held that instances of excessive force are to be analyzed under an "objective reasonableness standard." Objective reasonableness is a criterion which defines "reasonable force" in terms of what an average person looking back at the arrest would think was justified. The standard is to be distinguished from subjective reasonableness, which encompasses only what the officers thought was reasonable at the time of the arrest. Parenthetically, one of the officers, Pulley, did not think part of the force was necessary.

Plaintiff's first assignment of error is sustained.

■ The second assignment of error concerns the alleged liability of defendant, Franklin County Sheriff's Department, for failing to instruct officers in the use of stun guns. Plaintiff alleges that there are questions of fact whether the insufficiency of the training for use of stun guns amounted to a deliberate indifference to the constitutional rights of arrestees. Construing all of the facts before the trial court most favorably to plaintiff, there was still insufficient evidence to establish anything more than, at most, negligent training in the use of stun guns. There was no evidence sufficient to establish such inadequacy of training that could reasonably be labeled a policy of the department that constituted deliberate indifference to the constitutional rights of arrestees.

Plaintiff's second assignment of error is overruled.

■ Plaintiff finally contends that the trial court erred in finding that she failed to state a claim for relief against the Franklin County Sheriff's Department for intentional infliction of emotional distress. At the trial court, plaintiff conceded that this and other common-law claims probably had no validity because of the immunity accorded a county, pursuant to R.C. 2744.02 and 2744.03, because the function was a governmental function. Upon appeal, plaintiff argues that the operation of the sheriff's department is a proprietary function, relying upon the case of *Saunders v. McFaul* (1990), 71 Ohio App.3d 46, 593 N.E.2d 24. While that court did state that a political subdivision did not include the sheriff, that statement is erroneous and in conflict with our decision in *Twine v. Franklin Cty. Sheriff's Dept.* (1990), 68 Ohio App.3d 51, 587 N.E.2d 411, and with the provisions of R.C. 2744.01(C)(2)(a), which describes police services as a governmental function.

Plaintiff's third assignment of error is overruled.

Plaintiff's first assignment of error is sustained, and plaintiff's second and third assignments of error are overruled. The judgment of the trial court is reversed

in part and affirmed in part. The case is remanded to the trial court for further procedure in accordance with this opinion.

*Judgment reversed in part,*
*affirmed in part,*
*and cause remanded.*

JOHN C. YOUNG, P.J., and PEGGY BRYANT, J., concur.