DECISION
{¶ 1} Plaintiff-appellant, Donna J. Carter, appeals from a judgment of the Franklin County Court of Common Pleas in which the trial court granted summary judgment in favor of defendants-appellees, James Karnes and the Franklin County Sheriff's Department, concluding that appellees had governmental immunity from liability under R.C. 2744.01, et seq. For the reasons stated below, we affirm the judgment of the trial court.
{¶ 2} According to the stipulated facts, appellant visited the records bureau at the Franklin County Correctional Facility ("FCCF") between 1:00 p.m. and 1:30 p.m. on July 15, 1999, to obtain a criminal background check. The background check generated a notice of an active arrest warrant for petty theft on file with the Franklin County Clerk of Courts for "Donna J. Carter." The records bureau contacted the sheriff's deputies at FCCF advising them that they had a warrant for a Donna J. Carter, who was in the bureau office.
{¶ 3} Two deputies arrived and detained appellant. This process involved moving her, while handcuffed, to a secure location where a routine search was made of her person and clothing. Appellant alleges that she was required to remove her clothes except for her underwear and sports bra, that she was required to pull out her sports bra to show that nothing was hidden in it, and that she was given jail clothes to wear.
{¶ 4} During processing, appellant was advised of the charge of petty theft and stated that she told the deputies she was not the person named in the warrant. The deputies obtained additional information from her. One of the officers, in verifying her social security number and date of birth, noted a discrepancy between the number and date listed for the "Donna J. Carter" against whom the warrant had been issued and the number and date supplied by appellant. The officer requested that the clerk of court send him the warrant and court packet to FCCF for review.
{¶ 5} On receipt of these materials, the deputy consulted his sergeant, who confirmed that appellant was not the "Donna J. Carter" against whom the warrant had been issued. The parties agree that, at approximately 1:45 p.m., appellant was released, and a deputy took appellant back to the records bureau to complete her records check. The two deputies who had taken her into custody apologized for the confusion regarding her identity.
{¶ 6} Appellant filed a civil action in the Franklin County Common Pleas Court against the sheriff and sheriff's department, claiming damages for false imprisonment, unlawful arrest, intentional infliction of emotional distress, and negligence. She later dismissed the claims against Sheriff Karnes.
{¶ 7} In August 2001, the sheriff's department filed a motion for summary judgment. In a decision filed November 27, 2001, the trial court issued a decision granting appellees' motion for summary judgment and denying appellant's cross-motion for summary judgment, entering a final entry of judgment on December 26, 2001.
{¶ 8} In its decision, the trial court concluded the alleged injury and damages arose out of the deputies' actions in arresting and detaining appellant. The court found that the alleged injury was not caused by the county's operation of the records bureau, and stated in part: "Plaintiff's complaint arises out of her arrest, which is clearly a governmental function."
{¶ 9} The trial court reviewed each of the five exceptions to governmental immunity in R.C. 2744.02(B) and explained why none of them were applicable. Accordingly, the court held that the sheriff's department was entitled to qualified immunity from liability and that the suit was barred under R.C. 2744.01, et seq. In addition, in the alternative, the trial court indicated that, even if one of the exceptions applied, appellant's evidence did not rise to the level of proof required to establish liability:
{¶ 10} "* * * Because none of the exceptions enumerated in R.C.2744.02(B) apply here, Plaintiff may not sue the Franklin County Sheriff's Department for the actions of which she complains.
{¶ 11} "Even if Plaintiff's complaint somehow fell within one of the exceptions enumerated in R.C. 2744.02(B), the fact remains that Plaintiff was arrested and detained for 15 minutes because a records check showed that there was an outstanding warrant for a person with the exact same name. It is also undisputed that as soon as a supervising officer determined that Plaintiff was not the person named in the warrant, she was released[.]"
{¶ 12} In this appeal, appellant assigns one error:
{¶ 13} "The trial court erred in granting Defendants-Appellees' motion for summary judgment."
{¶ 14} Under Civ.R. 56, the court may grant summary judgment where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R 56 further states that summary judgment shall not be rendered unless it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in favor of that party.
{¶ 15} It is well-established that sovereign immunity exists in Ohio, and a political subdivision is not liable in damages resulting from the tortious conduct of its employees unless a statute specifically provides for liability. R.C. 2744.02(A)(1) provides:
{¶ 16} "* * * Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury * * * allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
{¶ 17} Under the definitions provided in R.C. 2744.01(F), a county is a political subdivision. A county sheriff's department is entitled to the immunity of the county. Williams v. Franklin Cty., Ohio Sheriff's Dept. (1992), 84 Ohio App.3d 826, 830. Therefore, the sheriff's department cannot be held liable in the present action unless one of the statutory exceptions to immunity is applicable.
{¶ 18} R.C. 2744.02(B) provides five exceptions to the immunity created in R.C. 2744.02(A)(1). The trial court found that none of the exceptions were applicable, and appellant's appeal relies on two of these exceptions. First, appellant cites R.C. 2744.02(B)(4) to support her claim that appellees are not entitled to immunity from liability. However, that exception applies to the maintenance of public property and the physical condition of a building or grounds that results in injury. See Hayes v. Hannon (June 15, 2000), Franklin App. No. 99AP-968 (citing numerous decisions). In the present action, the allegations made by appellant do not involve an injury caused by the condition of a building or grounds maintained by appellees. Therefore, the trial court properly ruled that the exception to immunity in R.C. 2744.02(B)(4) was inapplicable as a matter of law.
{¶ 19} Appellant also relies on R.C. 2744.02(B)(2), which provides an exception with respect to the performance of a proprietary function of government, as follows, in pertinent part: "Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury * * * caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." (Emphasis added.) However, the provision of police protection is a governmental function rather than a proprietary function. See R.C. 2744.01(C)(2)(a), (stating that the term "governmental function" expressly includes the "provision or nonprovision of police * * * protection").
{¶ 20} In this appeal, appellant argues: (1) that her injuries were caused by negligent acts performed by employees with respect to a proprietary function, thus bringing her complaint within the exception to immunity set forth in R.C. 2744.02(B)(2); (2) that the grant of immunity in R.C. 2744.02(A)(1) does not apply when the conduct of the employees was reckless, wanton, and/or intentional; and (3) that reasonable minds could disagree as to whether the evidence showed the deputies acted recklessly and wantonly.
{¶ 21} Appellant's first argument has two prongs: first, she argues that her injury was caused by the operation of the records bureau; and, second, she argues that the bureau's activity of providing governmental records is a proprietary function, not a governmental one, and that appellees can therefore be held liable under the negligence standard in R.C. 2744.02(B)(2).
{¶ 22} The alleged injuries were caused by appellant's arrest and detention. Construing the evidence most strongly in favor of appellant, we conclude that reasonable minds could reach but one conclusion: the alleged injury was caused by acts committed by law enforcement officers in the course of their duties as law enforcement officers, and that the arrest and detention occurred in connection with the officers' duties in providing police protection. The acts/omissions that caused the alleged injuries were not committed by the staff at the records bureau but by sheriff's deputies in the course of detaining a person who appeared to be named in an outstanding warrant and taking her into custody. In sum, we affirm the trial court's holding that the alleged injury was caused by acts/omissions in connection with providing police protection, which is a governmental function.
{¶ 23} Accordingly, we need not address whether the activities of the records bureau would be proprietary or governmental in nature. Because the alleged injuries were not caused by the conduct of employees at the records bureau, the nature of their activities is a moot question.
{¶ 24} We turn next to appellant's contention that, even where county employees are performing a governmental function, there is an exception to the county's immunity in R.C. 2744.02(A)(1) for situations where an employee has acted recklessly, wantonly, or in bad faith. For the following reasons, we reject this contention.
{¶ 25} First, R.C. 2744.02(A)(1) explicitly states that a county "is not liable" for personal injury "except" as provided in division (B) of R.C. 2744.02. In the present case, none of the specific statutory exceptions in division (B) is applicable. Appellant cites no statute that establishes an exception to a political subdivision's immunity when its employees — while engaged in performing a governmental function — acted in a negligent, reckless, or wanton manner. Thus, there is no statutory basis for appellant's argument that, in circumstances where a county employee is performing a governmental function, the county can be held liable for negligent, reckless, or wanton conduct by the employee.
{¶ 26} R.C. 2744.02(B) provides an exception to a county's immunity for negligent conduct by an employee performing a proprietary function, but it does not provide a similar exception for negligent conduct by an employee performing a governmental function. In Wilson v. Stark Cty. Dept. of Human Serv. (1994), 70 Ohio St.3d 450, 452, the Ohio Supreme Court stated:
{¶ 27} "* * * One of the exceptions, R.C. 2744.02(B)(2), establishes liability of political subdivisions for injuries caused by negligent acts performed by employees with respect to proprietary functions. There is, however, no such general exception for governmental functions. Consequently, except as specifically provided in R.C. 2744.02(B)(1), (3), (4) and (5), with respect to governmental functions, political subdivisions retain their cloak of immunity from lawsuits stemming from employees' negligent or reckless acts. See Garrett v. Sandusky (1994),68 Ohio St.3d 139, 624 N.E.2d 704. There are no exceptions to immunity for the intentional torts of fraud and intentional infliction of emotional distress as alleged in this case."
{¶ 28} We further note that R.C. 2744.03, which sets forth additional defenses and immunities that may be raised by a political subdivision or its employees, includes a reference to acts or omissions by an employee that were malicious, wanton, reckless, or in bad faith. See R.C. 2744.03(A)(6). However, this statutory exception is not applicable in the present matter because it relates only to the liability of the individual employee — not the liability of the political subdivision, as follows:
{¶ 29} "* * * [T]he employee is immune from liability unless one of the following applies:
{¶ 30} "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
{¶ 31} "(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
{¶ 32} "(c) Liability is expressly imposed upon the employee by a section of the Revised Code." (Emphasis added.)
{¶ 33} Therefore, under the statutory scheme of governmental immunity, employees can be individually liable if they act in a manner that is malicious, wanton, reckless or in bad faith when performing a governmental function. Wilson, supra, at 452. However, the statutes do not provide that the political subdivision loses its immunity in these circumstances. In other words, although R.C. 2744.03(A)(6) creates an exception to immunity where the employee has acted maliciously, wantonly, recklessly, or in bad faith, the exception only allows the courts to hold the employee liable individually. The statute does not create an exception to the immunity of the political subdivision.
{¶ 34} In the present action, the deputies who committed the alleged acts and omissions were not named as defendants; appellant did not seek to hold them liable personally. Thus, their immunity from personal liability under R.C. 2744.03(A)(6) for alleged conduct that was malicious, reckless, wanton or in bad faith was not at issue.
{¶ 35} The judicial decisions cited by appellant do not support her position. In Starling v. MetroHealth Ctr. Skilled Nursing (Sept. 2, 1999), Cuyahoga App. No. 75554, the court found that the operation of a nursing home was a proprietary function under R.C. 2744.02(B)(2), but also found that, even if the activity were a governmental function, the county could be liable if the resident's hot water burns were caused by "a physical defect in the water heating system," under the exception in R.C. 2744.02(B)(4). In Williams, supra, an action was brought against the sheriff's department and three arresting officers, alleging that the officers used excessive force in arresting the plaintiff when they used a stun gun and broke her arm. The court of appeals held that the trial court erred in granting summary judgment in favor of the individual officers. However, in regard to the claim that the sheriff's department failed to provide adequate training to its officers, the court affirmed summary judgment in favor of the sheriff's department, concluding that the sheriff's department at worst was negligent in training the deputies and that the evidence was insufficient to demonstrate the requisite standard of deliberate indifference. Third, the court upheld summary judgment in favor of the sheriff's department on plaintiff's claim of intentional infliction of emotional distress, concluding that the sheriff's department was engaged in a governmental function under R.C.2744.01, et seq., when it was providing police services.
{¶ 36} Similarly, the decision in Whitler v. McFaul (1997),123 Ohio App.3d 199, does not require a reversal of the trial court. In Whitler, the Cuyahoga County Court of Appeals found that the arrest and detention of a suspect by the sheriff's department was a governmental function and that the sheriff could not be found liable for negligence in arresting and detaining the plaintiff. In regard to the claim of false imprisonment, the court observed that the defendants (which included individual deputies) had presented "no evidence" to justify holding plaintiff in jail for twenty-nine days and that two witnesses had provided affidavits that the sheriff's department was notified that the initial justification for taking the plaintiff into custody no longer existed but that the sheriff had failed to release him. The court held that a question of fact remained as to whether appellees' "failure to investigate the complaints of appellant that he was being illegally detained may be considered to be unreasonable[.]" Id. at 206.
{¶ 37} In contrast, the evidence in the present action sets forth the justification for detaining appellant and holding her for less than forty-five minutes — the deputies had an arrest warrant for a woman with the exact same name and detained her briefly in the course of determining if she was the person named in the warrant. Here, the evidence does not show a failure to investigate following the detainee's protest. On the contrary, the stipulated facts show that, when appellant stated that she was not the person named in the warrant, the officers investigated immediately and released her within minutes. Reasonable minds could not find a "failure to investigate" following appellant's protest.
{¶ 38} Last, in Lipscomb v. Lewis (1993), 85 Ohio App.3d 97, the plaintiffs had been injured in a vehicle collision with an emergency vehicle driven by Mr. Lewis. They invoked the exception in R.C.2744.02(B)(1), which provides for an exception in situations where a person has been injured by the negligent operation of any motor vehicle by an employee of a political subdivision on a public road, and stating a complete defense for firefighters answering an emergency call unless the operation of the vehicle was willful or wanton misconduct. In addition, the plaintiffs relied on R.C. 2744.03(A)(6), which provides for the personal liability of the individual employee if his conduct was malicious, reckless, wanton or in bad faith. In the present action, however, the statutory provisions at issue in Lipscomb do not apply.
{¶ 39} In summary, we find no error in the trial court's decision that, as a matter of law, none of the exceptions to governmental immunity in R.C. 2744.02(B) can be established in the present action. Accordingly, the trial court did not err in granting summary judgment in favor of appellees and denying summary judgment in favor of appellant. We, therefore, overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BOWMAN and BRYANT, JJ., concur.
GLASSER, J., retired of the Sixth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.